# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

TOMAS HERNANDEZ,

      **Plaintiff,**

v.                                                **No. 20-cv-0076 SMV/KRS**

GREENE'S ENERGY GROUP, LLC,
MEWBOURNE OIL COMPANY,
HALLIBURTON ENERGY SERVICES, INC.,
and ISAAC TREVINO

      **Defendants.**

## <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER is before the Court sua sponte following its review of the Notice of Removal [Doc. 1], filed by Defendant Greene's Energy Group, LLC ("Greene's Energy"), on January 27, 2020. The Court has a duty to determine sua sponte whether subject-matter jurisdiction exists. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). The Court, having considered the Notice of Removal, the underlying Complaint, the applicable law, and being otherwise fully advised in the premises, concludes that the Notice of Removal fails to allege the necessary facts of citizenship to sustain diversity jurisdiction. Therefore, the Court will order Defendant Greene's Energy to file an amended Notice of Removal no later than February 25, 2020, if the necessary jurisdictional allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

## BACKGROUND

On January 27, 2020, Defendant Greene's Energy removed this case to federal court, asserting complete diversity between the parties and that the amount in controversy exceeds $75,000. [Doc. 1] at 2. In support of its claim of diversity of citizenship, Defendant Greene's Energy alleges that Plaintiff is a citizen of New Mexico and that Defendants Mewbourne Oil and Halliburton Energy are citizens of both Delaware and Texas. *Id.* Defendant Greene's Energy alleges that Defendant Trevino is a citizen of New Mexico, which would defeat diversity jurisdiction. *Id.* at 1. However, Defendant Greene's Energy alleges that Trevino was "improperly joined" and that Plaintiff's claims against Trevino are barred by the Worker's Compensation Act. *Id.* Defendant Greene's Energy further alleges that it "is a foreign for-profit corporation organized under the laws of the State of Texas, with its principal place of business in the State of Texas." *Id.* However, Defendant makes no allegation about the citizenship of its members. *See id.*

## LEGAL STANDARD

The federal statute providing for the removal of cases from state to federal court was intended to restrict rather than enlarge removal rights. *Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir. 1957). Federal courts, therefore, are to strictly construe the removal statutes and to resolve all doubts against removal. *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). The removing party bears the burden of establishing the requirements for federal jurisdiction. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

**DISCUSSION**

District courts have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332(a) (2018). When a plaintiff files a civil action in state court over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court, provided that no defendant is a citizen of the State in which such action is brought. *See* 28 U.S.C. § 1441(a), (b).

Determining the citizenship of a limited liability company is different from determining the citizenship of a corporation under § 1332. A corporation is deemed to be a citizen of the state in which it is incorporated and in which it maintains its principal place of business. *See* § 1332(c). Limited liability companies, however, are treated as partnerships for citizenship purposes and are therefore citizens of each and every state in which any member is a citizen. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015).

Here, the facts set forth in the Notice of Removal [Doc. 1] do not sufficiently establish the citizenship of Defendant Greene's Entergy Group, LLC, because they fail to allege the citizenship of each and every one of its members.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendant Greene's Energy must amend the Notice of Removal to properly allege diversity of citizenship, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than **February 25, 2020**.

**IT IS FURTHER ORDERED** that if such an amended notice is not filed by **February 25, 2020**, the Court may remand this action to state court.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**