# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

TOMAS HERNANDEZ,

    Plaintiff,

v.                                                                                                                                    No.: 1:20-CV-76 WJ/KRS

GREENE'S ENERGY GROUP, LLC,
MEWBOURNE OIL COMPANY, and
HALLIBURTON ENERGY SERVICES, INC.,
and ISAAC TREVINO,

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING
## PLAINTIFF'S MOTION TO REMAND

THIS MATTER is before the Court on Plaintiff's Opposed Motion to Remand (**Doc. 7**). Having reviewed the Parties' briefing and considered the applicable law, the Court finds that the Motion is well taken and is, therefore, **GRANTED**.

## BACKGROUND

This case arises out of a worksite accident wherein Plaintiff was struck in the head with a valve wrench. (Doc. 1-1 at 4.) Plaintiff claims that although he immediately began experiencing symptoms including loss of consciousness and vomiting, no one at the jobsite provided any assistance or medical aid. Plaintiff further alleges that despite his pleas and those of his coworkers for help, Defendant Isaac Trevino, Plaintiff's supervisor, "rejected" requests for an ambulance or other medical help for Plaintiff. (*Id.* at 5.) Plaintiff contends that this deliberate indifference to his head injury resulted in delayed treatment, which ultimately caused him severe and debilitating injuries as well as permanent disabilities. (*Id.*)

Defendant Greene's Energy Group, LLC ("Greene's"), which employed both Plaintiff and Trevino, removed this case to federal court, asserting that Trevino was improperly named as a Defendant for the purpose of frustrating federal jurisdiction. (Doc. 15.) Greene's disputed that Trevino was a supervisor, referring to him instead as Plaintiff's "co-worker." (*Id.* at ¶ 2.) Greene's contended that recovery against Trevino is impossible as a matter of law, because the New Mexico Workers' Compensation Act, NMSA 1978, §§ 52–1–1 to –70, provides the exclusive remedy for Plaintiff's on-the-job injury. (*Id.*) Greene's argued that the exception to the exclusivity provision, willful and intentional conduct on behalf of the employer, is inapplicable here. (*Id.*)

Plaintiff then filed the instant motion to remand, asserting that because he pleaded intentional conduct and there is a clear lack of diversity between the parties, this Court should remand the case. (Doc. 7.) Plaintiff further asserts that Greene's asks the Court to decide that Trevino's conduct was not willful or intentional as a matter of law, which is not appropriate on a motion to remand. (*Id.*) Both Greene's and Mewbourne Oil Company ("Mewbourne") filed Responses. Both Defendants claim that Plaintiff's allegations against Trevino do not demonstrate willful or intentional conduct and thus there is no possibility of recovery against Trevino.

## DISCUSSION

### I. Legal Standards

#### A. Remand and Fraudulent Joinder.

Federal courts are courts of limited jurisdiction, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), with the requirements for federal jurisdiction found at 28 U.S.C. §1331 (federal question jurisdiction) and §1332 (diversity jurisdiction). Due to the exceptional nature of federal jurisdiction, removal statutes must be strictly construed, and all doubt should be resolved

against removal. *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (citations omitted).

Diversity jurisdiction requires complete diversity, meaning no party may share citizenship with an opposing party. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). But, when a plaintiff has included a party in a suit for the sole purpose of defeating diversity jurisdiction, joinder is considered fraudulent. *See Dodd v. Fawcett Publications, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964). If the Court concludes a party was fraudulently joined, it may ignore the citizenship of that party for purposes of determining jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 987–88 (10th Cir. 2013).

"To establish fraudulent joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against [the defendant] in state court." *Long v. Halliday*, 768 F. App'x 811, 814 (10th Cir. 2019) (internal quotation marks and citation omitted). Proving fraudulent joinder is a "heavy burden," and "all factual and legal issues must be resolved in favor of the plaintiff." *Id.* at 814. "Merely to traverse the allegations upon which the liability of the resident defendant is rested or to apply the epithet 'fraudulent' to the joinder will not suffice: the showing must be such as compels the conclusion that the joinder is without right and made in bad faith." *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914). Accordingly, the defendant arguing fraudulent joinder "must demonstrate that there is no possibility that [plaintiff] would be able to establish a cause of action against [the joined party] in state court." *Montano v. Allstate Indem.*, No. 99-2225, 2000 U.S. App. LEXIS 6852, at * 5 (10th Cir. Apr. 14, 2000) (internal citation and quotation marks omitted) (alternation in original). "This standard is more exacting than that for dismissing a claim

under Fed. R. Civ. P. 12(b)(6); indeed, the latter entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action was commenced." *Id.*

### B. Exclusivity Under the New Mexico Workers' Compensation Act.

The New Mexico Workers' Compensation Act ("WCA") generally provides the exclusive remedy to workers injured during the course of their employment. NMSA 1978, § 52-1-9 (1973). But, under Section 52-1-11 (1989), the exclusivity provision does not apply to non-accidental injuries. When a worker is willfully injured by his or her employer, that willfulness renders the worker's injury "non-accidental, and therefore outside the scope of the Act." *Delgado v. Phelps Dodge Chino, Inc.*, 2001-NMSC-034, ¶ 26, 131 N.M. 272. When a worker is willfully or intentionally injured by his or her employer, the employer "may not enjoy the benefits of exclusivity, and the injured worker may sue in tort." *Id.* ¶ 24. In these situations, exclusivity does not apply because the Act was not intended to protect employers from being sued for intentional torts. *Id.* ¶ 30. Here, Greene's contends that Trevino's actions do not rise to the level of willful or intentional and, as such, the *Delgado* exception does not apply. Greene's argues that, consequently, Trevino's joinder was fraudulent because there is no possibility for Plaintiff to establish a cause of action against Trevino in tort.

### II. Defendants have not shown that Trevino was fraudulently joined; the case must be remanded.

Given the high standard to demonstrate fraudulent removal, the Court concludes that Greene's has not met its burden to show fraudulent joinder. In their respective Responses, both Greene's and Mewbourne would have this Court decide, as a matter of law, that Trevino's conduct as alleged by Plaintiff does not, and cannot, rise to the level of intentionality required to remove the case from under the exclusivity provision of the WCA. However, such a determination on the part of this Court is impermissible. *See Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013).

Whether or not Trevino's conduct rises to the level of willful and intentional action is a hotly disputed factual issue in this case. Indeed, it is *the* issue this case turns on, as least with respect to Plaintiff's claims against Trevino. Whether Trevino's conduct exposes his employer, Greene's, to tort liability is a merits decision which requires an "intricate analysis of state law;" it is not the role of this Court to pre-try the merits of this case on an accusation of fraudulent joiner. *Id.* Resolving all factual and legal issues in favor of Plaintiff, *Long*, 768 F. App'x at 814, the Court cannot conclude that it would be impossible for Plaintiff to establish a cause of action against Trevino in state court.

While Defendants may believe recovery against Trevino is unlikely, the fact is that based on the present record before the Court, Plaintiff has shown that a claim against Trevino is at least plausible, or at least not "so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction." *Brazell*, 525 F. App'x at 881. While Plaintiff's claims are not necessarily a "sure-thing," they do "have a basis in the alleged facts and the applicable law." *Nerad v. AstraZeneca Pharm., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006). It would be an altogether different matter if the exclusivity provision of the WCA was truly exclusive. However, Plaintiff's Complaint clearly contemplates an exception to the exclusivity provision and alleges how Trevino's conduct falls with the scope of that exception, even going so far as to cite *Delgado*. (*See* 15-1 at 4.) Whether Plaintiff can succeed on the merits of his *Delgado* claim is not before this Court. The issue is whether Defendants have demonstrated that there is no possibility that Plaintiff could establish a *Delgado* claim. They have not.

Defendants conflate fraudulent joinder, a jurisdictional inquiry, with Federal Rule of Procedure 12(b)(6), a merits adjudication. *See GranCare, LLC v. Thrower*, 889 F.3d 543, 549 (9th Cir. 2018). For example, Greene's states that Plaintiff's allegation that Trevino's conduct was

5

intentional "is insufficient to state a claim upon which relief may be granted under Rule 12(b)(6)" and cites *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the leading case setting forth the federal "plausibility" pleading standard. (Doc. 16, ¶¶ 6–7.) Mewbourne likewise attacks the adequacy of Plaintiff' allegations. (Doc. 18, ¶ 37.) But these arguments speak only to the *sufficiency* of Plaintiff's pleading, not to the *viability* of Plaintiff's *Delgado* claim in state court, under state court pleading standards. Whether Plaintiff has met the plausibility standard is inapposite to whether Defendants can show there is no possibility of recovery. *See Bellman v. NXP Semiconductors USA, Inc.*, 248 F. Supp. 3d 1081, 1113 (D.N.M. 2017).

Finally, as alluded to previously, the Court notes that Defendants are not arguing that the type of claims asserted by Plaintiff against Trevino is not cognizable under New Mexico law, but rather that the specific claim in this case fails because Trevino's conduct cannot be considered willful or intentional. This distinction is key. If the ultimate finder of fact concludes otherwise, Plaintiff has at least a viable cause of action against Trevino. While Defendants would have the Court accept their premise, this disputed factual issue must be resolved in favor of Plaintiff on an accusation of fraudulent joinder. *See Dutcher*, 733 F.3d at 988.

**IT IS THEREFORE ORDERED** that Plaintiff's Opposed Motion to Remand (**Doc. 7**) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall take the necessary action to effectuate remand of this case to the First Judicial District Court, County of Santa Fe, State of Mexico.

**IT IS SO ORDERED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE